Alonzo .D. McCurray, Appellee, v. Meadows Manufacturing Company, Appellant.

Gen. No. 6,513.    (Not to be reported in full.)

Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918. Certiorari denied by Supreme Court (making opinion final).

### Statement of the Case.

Proceedings by Alonzo D. McCurray, claimant, against Meadows Manufacturing Company, respondent, to recover compensation for personal injuries under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 et seq.). From a judgment in claimant's favor in the Circuit Court, after appeal by respondent from the finding of the arbitrators to the Circuit Court, awarding $100 for medical services and compensation for temporary total disability of $6 per week for 52 weeks and $4.50 per week for 364 weeks for partial permanent disability, respondent appeals.

J. A. BLOOMINGSTON, F. A. ORTMAN and L. M. SHELLY, for appellant.

E. A. SIMMONS, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 12*—what evidence is sufficient to sustain general verdict for compensation for partial permanent disability. In proceedings for compensation under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 et seq.), it is unnecessary that the evidence, to sustain a general verdict by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McCurray v. Meadows Mfg. Co., 210 Ill. App. 508.

jury, should be so clear and complete in a case of partial permanent disability that the amount of compensation can be figured therefrom with mathematical accuracy.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence that claimant has no education is admissible.* On an appeal to the Circuit Court from the findings of the board of arbitrators and trial *de novo* before a jury, in proceedings for compensation under the Workmen's Compensation Act, evidence that claimant has no education is admissible on the question of what limitations there are on claimant's earning capacity after the accident and injury.

3. EVIDENCE, § 410*—*when physician may testify that later injury was caused by original injury.* Where there is no dispute as to the manner and cause of an injury, and no dispute that an injury has been sustained, it is competent for a physician to testify directly that a later malady was caused by the accident or original injury.

4. APPEAL AND ERROR, § 1316*—*when party cannot complain of any error in an instruction given for adverse party.* A party cannot complain of any error in an instruction given for the adverse party when it fails to set out its own instructions in the abstract, and it will be assumed that there may have been an instruction among those not set out which cured the error.

5. WORKMEN'S COMPENSATION ACT—*when claimant not estopped to recover compensation by doctrine of election of remedies.* Where an injured employee files a petition for the appointment of arbitrators under the Workmen's Compensation Act, and later commences an action on the case in the Circuit Court, claiming that the employer is liable to him under section 3 of the Workmen's Compensation Act (J. & A. ¶ 5451), because of an intentional omission to comply with statutory safety regulations, but, before the conclusion of the trial, takes a nonsuit, he is not estopped by the doctrine of election of remedies from securing the reinstatement of the proceedings under the Workmen's Compensation Act, they having been, in the meantime, dismissed with leave to reinstate, and prosecuting them to a final conclusion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.